UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AARON DALE FULMORE,

    Plaintiff,

v.                                      Case No. 8:12-CV-1705-T-30EAJ

WILLIS ANDRE, et. al.,

    Defendants.
_____/

**ORDER**

Plaintiff, a State of Florida prisoner proceeding *pro se*, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. 1). The complaint names three defendants, Willis Andre, Gustavo Mazorra, and Leigh Platt, and alleges that Defendants violated Plaintiff's First and Eighth Amendment rights when Defendant Andre retaliated against Plaintiff for filing grievances against him, and Defendants Mazorra and Platt failed to "address" the issue after Plaintiff informed them of Andre's retaliatory actions. As relief, Plaintiff requests compensatory and punitive damages from all Defendants, and an order directing the Florida Department of Corrections to fire Defendant Andre.

The Court has undertaken a preliminary screening of Plaintiff's complaint in accord with 28 U.S.C. § 1915A. After doing so, the Court has determined that the allegations of the complaint, when read in the light most favorable to Plaintiff, do arguably state a colorable

claim for relief under the First and Eighth Amendments, solely against Defendant Andre.[1] However, Plaintiff's request for compensatory and punitive damages, request to terminate Defendant Andre's employment with the Department of Corrections, claims against Defendants Mazorra and Platt, and several of his claims under the Eighth Amendment must be dismissed for failure to state a claim upon which relief can be granted.[2]

## Analysis

### I. Request for compensatory and punitive damages

The Prison Litigation Reform Act ("PLRA") provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).[3] A prisoner, therefore, may not proceed in a civil rights action for compensatory or punitive damages unless he alleges some physical injury that is more than *de minimis*. *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1312-1313 (11th Cir. 2002) ("In order to avoid dismissal under § 1997e(e), a prisoner's claims for emotional or mental injury must be accompanied by allegations of physical injuries that are greater than de minimis.") (citation omitted); *Al-Amin v. Smith*, 637 F.3d 1192 (11th Cir.

---

[1] Prison officials may not retaliate against inmates for filing lawsuits or administrative grievances. *Wright v. Newsome*, 795 F.2d 964, 968 (11th Cir. 1968)(per curiam).

[2] *See Robinson v. United States*, 2012 U.S. App. LEXIS 14687, *3 (11th Cir. July 18, 2012) (unpublished) ("The standards that apply to a dismissal under Fed. R. Civ. P. 12(b)(6) apply to a dismissal under § 1915A.") (citing *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001)).

[3] Because Plaintiff was a prisoner when he filed this action, his action is subject to § 1997e(e).

2011) (§ 1997e(e) applies to constitutional claims and precludes the recovery of compensatory and punitive damages in the absence of the requisite physical injury).

It is apparent from the face of the complaint that Plaintiff's claim for compensatory and punitive damages is barred by § 1997e(e).[4] The complaint identifies no physical injury arising from Defendants' conduct, much less injury that is more than *de minimis*. Consequently, Plaintiff's claim for compensatory and punitive damages is barred as a matter of law. *See Harris v. Garner*, 190 F.3d 1279, 1287-88 (11th Cir. 1999) (affirming district court's dismissal of claims for compensatory and punitive damages as barred by § 1997e(e)).

## II.  Request to terminate Defendant Andre's employment

Plaintiff requests the Court order the Department of Corrections to fire Defendant Andre. The Court has no authority to direct the Department of Corrections to fire its employees. *See, e.g., Meadows v. Miller*, 855 F. Supp. 219, 220 (W.D. Tenn. 1994) (district court concluded that it had no authority to grant prisoner plaintiff's request to direct county to fire its employee). Therefore, Plaintiff's request must be dismissed.

## III.  Eighth Amendment claims

Plaintiff alleges that in retaliation for Plaintiff filing grievances against Defendant Andre, Defendant Andre subjected him to "countless unwarranted shakedowns and trashing of his locker and bunk," gave Plaintiff false corrective consultations, "trashed the Plaintiff's Quran and other religious materials," and called Plaintiff the "Muslim Man" and a "snitch."

---

[4] Nominal damages may be recovered where there is a violation of a constitutional right without a physical injury. *Hughes v. Lott*, 350 F.3d 1157, 1162 (11th Cir. 2003). Plaintiff, however, does not state that he wants nominal damages.

Plaintiff argues that Defendant Andre's actions violated not only his First Amendment rights,[5] but also his Eighth Amendment rights.

Prison conditions rise to the level of an Eighth Amendment violation only when they involve the wanton and unnecessary infliction of pain. *Hope v. Pelzer*, 536 U.S. 730, 737 (2002) (citations omitted). Plaintiff does not allege that he suffered any physical harm or pain as a result of Defendant Andre's actions. Additionally, Plaintiff does not state an Eighth Amendment violation with regard to Defendant Andre's alleged verbal harassment, verbal abuse, and name calling.[6] *See Edwards v. Gilbert,* 867 F.2d 1271, 1274 n.1 (11th Cir. 1989) (verbal taunts, "however distressing," directed at prisoner by prison officials do not violate prisoner's constitutional rights); *Sims v. Hickok*, 185 F.3d 875 (10th Cir. 1999) (dismissal of prisoner's complaint for failure to state a claim appropriate because officer's insults and racial slurs did not amount to a constitutional violation); *Sepulveda v. Burnside*, 170 Fed. Appx. 119, 124 (11th Cir. 2006) (unpublished) (reference to plaintiff as a 'snitch' in the presence of other inmates does not rise to the level of a constitutional violation).

Further, Plaintiff's allegation that Defendant Andre gave him two false verbal consultations (see Dkt. 1 at 21-22) does not state a claim for an Eighth Amendment violation. This allegation does not suggest that Plaintiff was subjected to conditions sufficiently grave to fall within the purview of the Eighth Amendment. *See Hudson v. McMillian*, 503 U.S. 1,

---

[5]*See Burns v. Warden, USP Beaumont,* 2012 U.S. App. LEXIS 13209, *5 (11th Cir. June 28, 2012) (unpublished) ("Retaliation against an inmate for filing administrative grievances and lawsuits may violate First Amendment rights.") (citing *Wright v. Newsome*, 795 F.2d at 968).

[6]The Court notes that Plaintiff does not allege that he was subjected to any physical harm from other inmates as a result of Defendant Andre allegedly calling Plaintiff a snitch.

9 (1992) ("extreme deprivations are required to make out a conditions of confinement claim").

However, Plaintiff's allegation that Defendant Andre retaliated against him by subjecting him to "countless" retaliatory cell searches, during which Defendant Andre "trashed" Plaintiff's locker, bunk, and religious materials, arguably states a claim for relief under the Eighth Amendment. *See, e.g., Rustan v. Rasmussen*, No. 99-3283, 2000 U.S. App. LEXIS 1826, 2000 WL 227987 at *2 (8th Cir. 2000) (unpublished opinion) (frequent retaliatory cell searches may violate the Eighth Amendment); *Vigliotto v. Terry*, 873 F.2d 1201, 1203 (9th Cir. 1989) ("The Eighth Amendment protects prisoners from searches conducted only for 'calculated harassment.'") (quoting *Hudson*, 468 U.S. at 530).

**IV.   Claims against Defendants Mazorra and Platt**

Plaintiff alleges that Defendant Mazorra, the former warden at Zephyrhills Correctional Institution ("ZCI"), and Defendant Platt, the assistant warden at ZCI, violated his First and Eighth Amendment rights when: 1) Plaintiff informed Mazorra of Defendant Andre's actions, but Mazorra "wilfully neglected to address this matter. . . ." (Dkt. 1 at 9); and 2) when Platt "neglected to address this issue when it was brought to his attention through the grievance process while he had first hand knowledge of this matter." (Id). The grievances Plaintiff attached to his complaint belie these allegations.

In his August 8, 2010 grievance addressed to Defendant Platt, Plaintiff complained that Defendant Andre was harassing him, and he stated in pertinent part that "I've spoken to Mr. Mazorra concerning this issue.  He said that he would speak to this officer."  (Id. at 23).

On August 12, 2010, Sergeant M. Thomas prepared the response to the grievance in which he stated:

> Officer Andre has been questioned about these allegations by myself and Captain Comis and Officer Andre has stated that he does not harass you in any way. If it does occur again consult with his dormitory supervisor about the incident.

(Id.). Therefore, the grievance establishes that Plaintiff's complaint to Defendants Mazorra and Platt regarding Defendant Andre's actions was addressed. Merely because Sgt. Thomas and Captain Comis were assigned the task of speaking directly to Defendant Andre regarding the issue does not establish or imply that Defendants Mazorra and Platt ignored or neglected to address the matter. In fact, when Plaintiff next complained about Defendant Andre's actions by filing a grievance to Colonel Harris on May 20, 2011, Defendant Platt responded to the grievance on June 6, 2011, by informing Plaintiff that the matter had been referred to the Inspector General's Office (Id. at 12-13).[7] Thereafter, the Inspector General's Office investigated Plaintiff's allegations against Defendant Andre (Id. at 16-17). Accordingly, the complaint fails to state a First or Eighth Amendment violation against either Defendant Mazorra or Defendant Platt.[8]

---

[7] In Florida, the Office of the Inspector General is "responsible for prison inspection and investigation, internal affairs investigations, and management reviews" and is "responsible for criminal and administrative investigation of matters relating to the Department of Corrections." Fla. Stat. § 944.31

[8] To the extent Plaintiff's claim can be liberally construed as alleging that Defendants Mazorra and Platt did not properly investigate Plaintiff's allegations against Defendant Andre, prisoners do not have a constitutional right to any specific kind of investigation by prison officials. *See Luster v. Jones*, 2012 U.S. Dist. LEXIS 76359, *41 (M.D. Ala. Apr. 30, 2012) ("The failure to properly investigate an inmate's complaint does not rise to the level of a separate constitutional violation. Inmates simply do not enjoy a constitutional right to an investigation of any kind by government officials.") (citing *DeShaney v. Winnebago County Dept. of Social Services*, 489 U.S. 189, 196 (1989) ("The Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual.")).

ACCORDINGLY, the Court **ORDERS** that:

1. Plaintiff's civil rights complaint (Dkt. 1) is **DISMISSED** without prejudice to Plaintiff filing an amended complaint. On or before **November 13, 2012**, Plaintiff shall submit an amended complaint to cure the deficiencies outlined above. The **Clerk of Court** will mail Plaintiff a court-approved form to use for filing a first amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Amended Complaint." The amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original complaint by reference. **The amended complaint supersedes the original complaint, and all claims must be raised in the amended complaint.**

Plaintiff *must* limit the allegations in his amended complaint to claims related to the claims asserted in the original complaint, and name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place Defendants' names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Defendants" section of the form. In the statement of facts, Plaintiff must clearly describe how each named Defendant is involved in each alleged constitutional violation, alleging the claims as to each Defendant in separately

numbered paragraphs and including specific dates of, and facts regarding, the alleged illegal acts. In the section entitled "Statement of Claims," Plaintiff must state what rights or statutes he contends have been violated, and he must provide reference to the facts supporting the claimed violations. Finally, in the "Relief Requested" section, Plaintiff shall identify the form of relief he seeks from this Court.

2.  Failure to comply with this order within the allotted time will result in the **dismissal** of this action without further notice.

**DONE** and **ORDERED** in Tampa, Florida on October 12, 2012.

*[signature]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Plaintiff *pro se*